UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

S<span style="font-variant:small-caps">AMUEL</span> G<span style="font-variant:small-caps">ALLEZZO</span>, et al.,

    Plaintiffs,

v.

S<span style="font-variant:small-caps">UNSET</span> E<span style="font-variant:small-caps">XPRESS</span>, LLC, et al.,

    Defendant.

_____/

Hon. Janet T. Neff

Case No. 1:17-cv-00475

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 13), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held October 24, 2017.

A summons was returned executed as to defendants Miralem Beslagic (ECF No. 6) and Sunset Express, LLC (ECF No. 5). Defendants failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendants Miralem Beslagic and Sunset Express, LLC on August 23, 2017 (Dkt. 12). Plaintiffs, through counsel, appeared for the October 24, 2017 hearing on the motion for default judgment. The defaulting parties did not appear for the hearing or contact the court in any way.

## THE PARTIES

Plaintiffs Samuel Gallezzo and Robert Winskas are former employees of defendants, claiming that defendants, Sunset Express, LLC, et al., did not pay them wages required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a). Neither

defendant Miralem Beslagic nor defendant Sunset Express, LLC is a minor or an incompetent person. As these defendants have not answered or otherwise pled, the allegations against defendants Miralem Beslagic and Sunset Express, LLC are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

At the hearing held October 24, 2017, plaintiffs supplied documentation of damages, costs, and legal fees, and provided legal authority for the amounts sought (ECF No. 19). Upon review of those materials, the court ordered at the hearing that plaintiffs submit supplemental affidavits establishing facts related to the nature of the work plaintiffs performed for defendants, which they have now done (ECF No. 21). The undersigned accepts this documentation as valid.

## DAMAGES, FEES AND COSTS

Plaintiff Samuel Gallezo has submitted documentation of damages, fees and costs totaling $10,860.51, including unpaid minimum wages of $3,886.00, an equal amount of liquidated damages, and a pro rata portion of attorney fees and costs in the amount of $3,088.51. Plaintiff Robert Winskas has submitted documentation of damages, fees and costs totaling $22,274.75, including unpaid minimum wages of $7,970.13, an equal amount of liquidated damages, and a pro rata portion of attorney fees and costs in the amount of $6,334.49.

## CONCLUSION

It is the recommendation of the undersigned that judgment enter against defendants Miralem Beslagic and Sunset Express, LLC in a form substantially similar to the proposed judgment submitted (ECF No. 14-2, PageID.69), awarding plaintiff Samuel Gallezo $10,860.51, and plaintiff Robert Winskas $22,274.75.

Date: November 7, 2017	/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).